Case 09-02508 Filed 09/01/10 Doc 32





**FILED**

SEP - 1 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

KVAS

1  HUGHES & PRITCHARD, LLP
   Gregory J. Hughes # 071288
2  Christopher D. Hughes # 254864
   3017 Douglas Boulevard, Suite 300
3  Roseville, California 95661
   Telephone (916) 774-7506
4  Facsimile (916) 791-1644
   hp@hp-llp.com
5
   Attorneys for Frederick J. Lucksinger,
6  Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JACKIE K. JOUBERT,<br><br>               Debtor.<br><br>FREDERICK J. LUCKSINGER,<br>CHAPTER 7 TRUSTEE,<br><br>               Plaintiff,<br>v.<br><br>WARDY JOUBERT,<br><br>               Defendant. | Case No.: 05-37620-C-7<br><br>Adv. Pro. No. 09-2508-C<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Date: July 27, 2010<br>Time: 10:00 am<br>Dept: C<br>Judge: Russell |

Following trial of the above-captioned matter, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. The Direct Testimony Declaration of Jackie Joubert is admitted into evidence.

2. The Direct Testimony Declaration of Frederick J. Lucksinger is admitted into evidence.

///

- 1

RECEIVED
July 29, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002814816

3. Exhibits 1-10 proffered by Plaintiff, which were authenticated by the Declaration of Jackie Joubert, are admitted into evidence.

4. On October 15, 2005 ("the Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code. That case was closed on February 20, 2006, and then reopened on January 29, 2009, due to Debtor's belated disclosure of certain assets and transfers which had not previously been disclosed.

5. Frederick J. Lucksinger is the duly appointed, qualified, acting Chapter 7 Trustee in this case. When the underlying bankruptcy case was reopened, Mr. Lucksinger was reappointed as Trustee.

6. As Trustee and representative of the bankruptcy Estate, Mr. Lucksinger is the owner of all of Debtor's non-exempt assets, including interests in real property and claims, and has standing to assert claims belonging to Debtor, and to pursue claims for avoidable pre-filing transfers by Debtor.

7. All assets of Debtor which were not exempt became property of the Estate, by operation of law. Any assets which were not disclosed by Debtor in her original bankruptcy filing remain property of the Estate until such time as they are administered by the Trustee, notwithstanding the closing of the bankruptcy case in 2006. Because of the disclosure of previously undisclosed assets by Debtor and the reopening of the Chapter 7 case in 2009, the Trustee is entitled to administer the previously-undisclosed assets.

8. Defendant was married to Debtor as of January 1, 2003 and at all relevant times thereafter. Debtor and Defendant are presently involved in a divorce proceeding. The state court handling the divorce proceeding has not yet made a division of the marital property.

9. Certain real property located at 291 Richland Ave., San Francisco, CA 94110 ("Richland Ave. Property") is presently titled in the name of Defendant.

10. Certain real property located at located at 154-156 Beulah St., San Francisco, CA 94110 ("Beulah St. Property") was formerly titled in the name of Defendant, until he sold it.

11. On July 1, 2003, Defendant's grandmother, Pearl E. Birdies, executed a deed ("Richland Deed 1") conveying the Richland St. Property to "Pearl E. Birdies, An Unmarried

1  Woman and Wardy G. Joubert, III and Jackie K. Joubert, husband and wife, all as Joint
2  Tenants." This deed was recorded in San Francisco County on July 7, 2003.
3      12.    Pearl E. Birdies died on March 31, 2004.
4      13.    On July 6, 2004, Defendant executed an Affidavit – Death, regarding the death of
5  Pearl E. Birdies. This affidavit was recorded on July 12, 2004.
6      14.    On November 10, 2004, Debtor signed an Interspousal Transfer Grant Deed
7  ("Richland Deed 2") conveying the Richland Ave. Property to Defendant as his sole and separate
8  property. This deed was recorded on November 19, 2004.
9      15.    On November 15, 2006, Debtor signed an Interspousal Grant Deed ("Richland
10 Deed 3") conveying the Richland Ave. Property to Defendant as his sole and separate property.
11 This deed was recorded on November 21, 2006.
12     16.    On July 17, 2003, Defendant's grandmother, Pearl E. Birdies, who then owned
13 the Beulah St. Property, executed a deed ("Beulah Deed 1") conveying the Beulah St. Property.
14 This deed was recorded on July 18, 2003. The deed names as the grantees of the Beulah St.
15 Property "Pearl E. Birdies, An Unmarried Woman and Wardy G. Joubert, III and Jackie K.
16 Joubert, husband and wife, all as Joint Tenants." On the recorded version of the deed, the
17 Debtor's name is crossed out.
18     17.    On November 10, 2004, Defendant signed a Grant Deed ("Beulah Deed 2")
19 conveying the Beulah St. Property to Defendant and Debtor, Husband and Wife, as Joint
20 Tenants. This deed was recorded in San Francisco County on January 7, 2005.
21     18.    On January 12, 2005, Debtor signed an Interspousal Transfer Deed ("Beulah
22 Deed 3") conveying the Beulah St. Property to Defendant as his sole and separate property. This
23 deed was recorded in San Francisco County on January 14, 2005.
24     19.    On January 13, 2005, Defendant signed a Grant Deed ("Beulah Deed 4")
25 conveying the Beulah St. Property to Warner V. Graves, III, George A. Lasley, Jr., Eric J.
26 Ganther, and John Embry, as tenants in common. This deed was recorded in San Francisco
27 County on January 14, 2005.
28 ///

20. The sale price for the Defendant's transfer of the Beulah St. Property in January, 2005, was $1.4 million, and the property was unencumbered when it was sold. Defendant is presently receiving monthly payments of $5,242 pursuant to a promissory note which paid a portion of the purchase price.

21. Debtor received nothing in exchange for executing the Beulah Deed 3 and the Richland Deed 2.

22. Debtor had no non-exempt assets when she executed the Beulah Deed 3 and the Richland Deed 2, and she did have debts. Thus, her liabilities exceeded her assets.

23. Pearl E Birdies signed the Beulah St. Deed 1 prior to the crossing out of Debtor's name as a grantee and was not aware that Debtor's name had been crossed out prior to the recordation thereof.

24. Debtor did not execute the Beulah Deed 3 voluntarily and with an intention of conveying any title to the Beulah St. Property. Her execution of the deed was coerced by Defendant and was the product of duress and undue influence.

25. Debtor did not execute the Richland Deed 2 voluntarily and with an intention of conveying any title to the Richland Ave. Property. Her execution of the deed was coerced by Defendant and was the product of duress and undue influence.

26. The Richland Deed 3 was executed after the filing of the Chapter 7 petition. It constituted a post-petition transfer of property of the Estate.

## CONCLUSIONS OF LAW

1. The Beulah Deed 3 should be set aside on the basis that it was executed as a result of coercion, duress and undue influence on the part of the Defendant.

2. The Richland Deed 2 should be set aside on the basis that it was executed as a result of coercion, duress and undue influence on the part of the Defendant.

3. The Richland Deed 3 should be set aside and avoided on the basis that it was executed as a result of coercion, duress and undue influence on the part of the Defendant, and was a post-petition transfer of property of the Estate.

///

4. The Beulah Deed 3 and the Richland Deed 2 should be avoided on the basis that they were fraudulent transfers under 11 U.S.C. § 548(a)(1)(B), in that they were transfers by the Debtor within a year prior to the filing of the petition, which rendered the Debtor insolvent.

5. Because of the setting aside and avoidance of the Beulah Deed 3, the Debtor was one-half owner of the Beulah St. Property at the time that Defendant sold that property for $1.4 million. Plaintiff, as the successor in interest to the Debtor, is entitled to one-half of the value of the Beulah St. Property and one-half of all payments received by the Defendant from the sale of that property. Judgment shall be entered in favor of Plaintiff and against Defendant for one-half of all sale proceeds previously received by the Defendant, and all sale proceeds due to the Defendant after the date of entry of judgment herein, in the aggregate amount of $700,000.00.

6. Because of the setting aside and avoidance of the Richland Deed 2 and the Richland Deed 3, Debtor is deemed to have been a 50% joint tenancy owner of the Richland Ave. Property as of the petition date, with Defendant owning the other 50% of the Richland Ave. Property. Plaintiff, as the successor in interest to the Debtor, and the Defendant now jointly own the Richland Ave. Property. Plaintiff is entitled to all remedies available as a co-owner of property, including the right to seek leave to sell the Richland Ave. Property pursuant to 11 U.S.C. § 363(h).

7. If Plaintiff demonstrates that he should be permitted to sell the Richland Ave. Property pursuant to 11 U.S.C. § 363(h), the net proceeds will be divided among Plaintiff and Defendant according to their respective interests, in accordance with 11 U.S.C. 363(j), and all parties may present evidence concerning their respective interests at a further trial to be held to consider the § 363(h) and § 363(j) issues.

Dated: _____

_____
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

　　　The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities at the addresses shown below or on the attached list.

| | | |
|---|---|---|
| Gregory Hughes<br>3017 Douglas Blvd #300<br>Roseville, CA 95661 | Jackie Joubert<br>1426 Lockhart Way<br>Roseville, CA 95747 | Frederick Lucksinger<br>PO Box 2460<br>Rocklin, CA 95677 |

DATED: 9/2/10　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　Deputy Clerk

EDC 3-070 (Rev. 6/28/10)